UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DONNA L. FRIEDEBERG, | |
| Plaintiff, | |
| -against- | 25-CV-8227 (LTS) |
| PROGRESSIVE CASUALTY INSURANCE CO.; CONSUMER CELLULAR, | TRANSFER ORDER |
| Defendants. | |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who resides in Norwich, Connecticut, brings this *pro se* action asserting claims

against Progressive Casualty Insurance Co. ("Progressive") and Consumer Cellular.[1] Her claims

appear to arise from events taking place in or around her residence in Norwich, Connecticut. She

also attaches to the complaint documents relating to a Progressive insurance policy issued by an

insurance company located in Norwich, Connecticut. For the following reasons, the Court

transfers this action to the United States District Court for the District of Connecticut.

## DISCUSSION

Under 28 U.S.C. § 1391(b), a civil action may be brought in

(1) a judicial district in which any defendant resides, if all defendants are residents
of the State in which the district is located; (2) a judicial district in which a
substantial part of the events or omissions giving rise to the claim
occurred . . . ; or (3) if there is no district in which an action may otherwise be
brought as provided in this section, any judicial district in which any defendant is
subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). For venue purposes, a "natural person" resides in the district where the

person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial

---

[1] Plaintiff's complaint is unsigned.

district where it is subject to personal jurisdiction with respect to the civil action in question.[2]§ 1391(c)(1), (2).

Plaintiff does not allege facts demonstrating that either defendant resides within this district.[3] It is therefore unclear that this court is a proper venue for this action under Section 1391(b)(1).

Plaintiff, who resides in Norwich, Connecticut, which is within the District of Connecticut, *see* 28 U.S.C. § 86, seems to allege that a substantial part of the events giving rise to her claims occurred within that judicial district. She alleges no facts showing that any of the alleged events occurred within this district. It is therefore clear that the United States District Court for the District of Connecticut, not this court, is a proper venue for this action under Section 1391(b)(2).

Under 28 U.S.C. § 1404(a), even if a civil action is filed in a jurisdiction where venue is proper, a court may transfer the action to any other judicial district where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C.

---

[2] With respect to a defendant that is a corporation, for venue purposes:

in a State which has more than one judicial district and in which a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State, and, if there is no such district, the corporation shall be deemed to reside in the district within which it has the most significant contacts.

28 U.S.C. § 1391(d).

[3] This judicial district, the Southern District of New York, is comprised of the following New York State counties: (1) New York (New York City Borough of Manhattan); (2) Bronx (New York City Borough of the Bronx); (3) Westchester; (4) Dutchess; (5) Rockland; (6) Orange; (7) Putnam; and (8) Sullivan. *See* 28 U.S.C. § 112(b).

§ 1404(a). In determining whether transfer is appropriate, courts consider the following ten factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors).

Under Section 1404(a), transfer appears to be appropriate for this action. Because Plaintiff seems to allege that a substantial part of the events giving rise to her claims occurred within the District of Connecticut, it is reasonable to expect that relevant documents and witnesses would also be located within that judicial district. The District of Connecticut appears to be a more convenient forum for this action. Accordingly, the Court transfers this action to the United States District Court for the District of Connecticut. 28 U.S.C. § 1404(a); *see D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the District of Connecticut. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. Summonses shall not issue from this court. This order closes this action in this court.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:    November 12, 2025
          New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

4